UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHAJI HUBBARD,

|                     |                                          |
|---------------------|------------------------------------------|
| Plaintiff,          | Case Number 25-11629                     |
| v.                  | Honorable David M. Lawson                |
|                     | Magistrate Judge Kimberly G. Altman      |

COMMUNITY CHOICE CREDIT UNION, and
HOLZMAN LAW, PLLC,

Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS
IN PART, ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION, GRANTING DEFENDANT COMMUNITY CHOICE CREDIT
UNION'S MOTION TO DISMISS, GRANTING IN PART DEFENDANT HOLZMAN
LAW'S MOTION TO DISMISS, AND CONTINUING REFERRAL**

Plaintiff Shaji Hubbard filed a complaint without the assistance of an attorney alleging that

a credit union and a law firm violated several debt collection laws when they attempted to collect

on a default judgment entered against Hubbard by a Michigan district court.  The Court referred

the case to Magistrate Judge Kimberly G. Altman for pretrial management.  Thereafter, each

defendant filed a motion to dismiss the complaint.  Judge Altman issued a report on January 23,

2026 recommending that the Court grant the motions and dismiss the case.  The plaintiff filed

timely objections to the report and recommendation, and the matter is now before the Court.

I.

A.

Because the motions challenge the sufficiency of the complaint under Federal Rule of Civil

Procedure 12(b)(6), all of the following facts are drawn from the operative pleading and are

accepted as true.  *Eastep v. City of Nashville, Tennessee*, 156 F.4th 819, 826 (6th Cir. 2025).

According to the complaint, plaintiff Shaji Hubbard is a consumer residing in Hamtramck, Michigan.  Compl., ECF No. 1, ¶6.  Community Choice Credit Union (CCCU) is a financial institution that sued the plaintiff in Michigan's 36th District Court.  *Id.* at ¶7.  Defendant Holtzman Law, PLC, represented CCCU in the state-court proceeding.  *Id.* at ¶8.

The register of actions for the state-court proceeding attached to the plaintiff's complaint, ECF No. 1, PageID.19-22, shows that Holzman Law filed a complaint on behalf of CCCU in the state court in May 2023.  *Id.* at PageID.19.  After multiple attempts at service on the plaintiff were unsuccessful, the state court authorized substituted service.  *Id.* at PageID.19-20.  The plaintiff never appeared, and a default judgment was entered against her in October 2023 in the amount of $4,624.74.  *Id.* at PageID.20.

The plaintiff alleges that she became aware of the default judgment on March 20, 2025. Compl., ECF No. 1, ¶9.  She alleges that the judgment was "entered without proper service, jurisdiction, or lawful validation of the alleged debt." *Ibid.*  She filed motions objecting to CCCU's garnishments and seeking to set aside the default judgment, all of which were denied by the state court.  *Id.* at ¶10.  She also alleges that she sent repeated demands for validation of the debt to the defendants that went unanswered.  *Id.* at ¶11-13.  Moreover, the defendants allegedly "continued adverse actions, including garnishment, collection, and negative credit reporting, without lawful basis or validation, causing harm to Plaintiff." *Id.* at ¶14.

In June 2025, the plaintiff filed the present lawsuit against CCCU and Holtzman Law for alleged violations of the Fair Debt Collection Practices Act (FDCPA), Fair Credit Reporting Act (FCRA), and the Truth in Lending Act (TILA).  The plaintiff also asserts a claim for dishonor under section 3-305 of the Uniform Commercial Code.  ECF No. 1, PageID.10.  The FDCPA claim is based on allegations that the defendants "violated 15 U.S.C. §§ 1692e(2)(A), (5), (10), and (14)

by misrepresenting the legal status and amount of the alleged debt, and § 1692g by failing to validate the debt." *Ibid.* For her FCRA claim, the plaintiff alleges that the defendants "violated 15 U.S.C. § 1681b by accessing and reporting Plaintiff's consumer information without a permissible purpose" and "violated 15 U.S.C. § 1681s-2(b) by failing to properly investigate Plaintiff's disputes and continuing to report inaccurate information." *Ibid.* The TILA and UCC claims, the recommended dismissal of which are not challenged in the present objections, respectively allege that the defendants violated TILA by failing to disclose material terms of a credit transaction, and that the plaintiff is discharged from further "enforcement" as a result of the defendants' failure to respond to a "lawful conditional acceptance." *Ibid.* The complaint seeks damages, an order deleting "all derogatory accounts related to this matter from Plaintiff's consumer reports," and vacatur of the state-court judgment. *Ibid.* Both defendants moved to dismiss the complaint. ECF No. 11, 12.

B.

Judge Altman recommended that the Court dismiss the complaint insofar as it sought vacatur of the state court default judgment and the collection process the state court issued because those claims were barred by the *Rooker-Feldman* doctrine. Next, the magistrate judge concluded that the FDCPA claims should be dismissed because (1) "the complaint contains no allegations whatsoever about the source or validity of the debt or how the defendants violated the act"; (2) CCCU was not a "debt collector" under the statute; (3) the plaintiff did not allege any specific false or misleading representation, as is required to state a claim under 15 U.S.C. § 1692e; (4) Holzman Law's alleged wrongful conduct was not among the practices prohibited by § 1692f; and (5) the alleged violations of § 1692g(b) were belied by a copy of the judgment that Holzman Law sent to

- 3 -

the plaintiff, which the magistrate judge found was a proper verification of debt under that provision.

The magistrate judge also recommended that the plaintiff's FCRA claims be dismissed because the plaintiff's allegation that the defendants accessed her credit report for an improper purpose was a bare legal conclusion that could not be credited, Holtzman Law did not use the plaintiff's information for an impermissible purpose because Holtzman Law was a debt collection law firm that would be permitted to use the plaintiff's credit report for the purpose of collecting the judgment, and the allegation that the defendants violated 15 U.S.C. § 1681s-2(b) also were conclusory and did not provide sufficient factual detail to survive a motion to dismiss. Although the plaintiff attached additional documents in support of this claim to her response, the magistrate judge concluded that the documents were insufficient to cure the defects. The magistrate judge also recommended dismissal of the plaintiff's TILA and UCC claims.

Finally, the magistrate judge recommended denial of the plaintiff's request for leave to amend under Federal Rule of Civil Procedure 15(a)(2) because the plaintiff made this request in her opposition to the motion to dismiss, rather than in a separate motion, a practice that the Sixth Circuit has deemed improper. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

II.

The plaintiff filed three objections to the report and recommendation. When a party files timely objections to a report and recommendation, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition that has been properly objected to")

- 4 -

(emphasis added); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Walters*, 638 F.2d 947, 949 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this review is not plenary. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Objections to a magistrate's report and recommendation must be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Parties may not raise new claims or theories not raised previously. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that the Magistrate Judges Act does not permit "parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").

As an initial matter, the plaintiff does not object to the dismissal of her claims brought under the Truth in Lending Act or the Uniform Commercial Code. A party's failure to file objections to the report and recommendation waives any further right to appeal. *Smith*, 829 F.2d

at 1373.  Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to independently review the matter.  *Thomas*, 474 U.S. at 149.  The recommendation to dismiss those counts will be adopted.

### A.  First Objection

The plaintiff argues that the *Rooker-Feldman* doctrine is inapplicable because she "does not seek appellate review of, nor reversal or vacatur of, any state court judgment."  ECF No. 18, PageID.286.  The plaintiff contends that her complaint seeks damages for misconduct caused by the defendants, not by the state court judgment itself.

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court."  *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).  "*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), hold that only the Supreme Court may review judgments entered by state courts in civil litigation."  *Fowler v. Benson*, 924 F.3d 247, 254 (6th Cir. 2019).  The eponymous "doctrine, therefore, bars a lower federal . . . court from reviewing a plaintiff's claim when a state court's judgment is the source of the plaintiff's injury."  *Ibid.*

When assessing whether an action is barred by the doctrine, "'[t]he inquiry [must focus on] the source of the injury the plaintiff alleges in the federal complaint.  If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the [federal] district court from asserting jurisdiction.  If there is some other source of injury, such as a third-party's actions, then the plaintiff asserts an independent claim.'"  *Id.* at 255 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)).  "The doctrine . . . does not bar federal jurisdiction

'simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Berry*, 688 F.3d at 298 (quoting *Exxon Mobil*, 544 U.S. at 291). "Instead, [it] applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99 (citation omitted).

The plaintiff's first objection is undercut by the very language in her complaint. She asserts that the *Rooker-Feldman* doctrine does not apply because she "does not seek appellate review of, nor reversal or vacatur of, any state court judgment." ECF No. 18, PageID.286. But the complaint's prayer for relief asks the Court to "[v]acate the state court judgment in Case No. 23149505." ECF No. 1, PageID.10.

The magistrate judge's ruling made clear that the *Rooker-Feldman* doctrine only barred the plaintiff's claims to the extent that she sought to vacate the state-court judgment or to order deletion of alleged "derogatory accounts" related to the judgment. ECF No. 17, PageID.272. It is true that the appellate courts have "narrow[ed]" the scope of the doctrine, confining it only to those federal cases where "the source of the injury is the state court decision." *Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007) (quoting *Abbott v. Michigan,* 474 F.3d 324, 328 (6th Cir.2007)). Here, however, the magistrate judge carefully circumscribed the doctrine's application, recommending dismissal of the complaint only to the extent that the plaintiff seeks vacatur of the state court judgment and its issued collection process.

The Court agrees with that aspect of the recommendation. The first objection will be overruled.

## B.  Second Objection

Next, the plaintiff objects to the recommended dismissal of the FDCPA claims against defendant Holzman Law.  She does not object to the dismissal of CCCU, but she maintains that dismissing Holzman Law was improper because Holzman allegedly engaged in collection activity while the debt was disputed and made misrepresentations regarding the legal status of the debt.  The defendants argue that dismissal was proper because the allegations in the complaint were legal conclusions unsupported by specific factual allegations.  The defendants also argue that the plaintiff's allegations that the debt was not verified are belied by Holzman Law's response to the plaintiff's notice of dispute, which included a copy of the default judgment establishing the plaintiff's liability for the debt.  The defendants also argue that the magistrate judge was correct to consider Holzman Law's correspondence without converting the motion to a summary judgment motion under Rule 56.

The FDCPA prohibits any debt collector from using "false representation or deceptive means" or "unfair or unconscionable means" to collect a debt. 15 U.S.C. §§ 1692e, 1692f.  To state a claim under these provisions of the FDCPA, "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise out of transactions which are 'primarily for personal, family or household purposes;' (3) [the] defendant must be a 'debt collector' as defined by the Act; and (4) [the] defendant must have violated '§ 1692e's [or § 1692f's] prohibitions.'"  *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012) (quoting *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F.Supp.2d 914, 926 (N.D. Ohio 2009)).  Sections 1692e and 1692f include several examples of prohibited conduct, including falsely representing "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), using "any false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1692e(10), or collecting amounts

- 8 -

other than those "expressly authorized by the agreement creating the debt or permitted by law," 15 U.S.C. § 1692f(1).

To ensure that consumers are subject only to valid debts, section 1692g(a) of the FDCPA "requires that the debt collector provide certain written notices within five days of the initial communication to the consumer." *Purnell v. Arrow Fin. Servs., LLC*, 303 F. App'x 297, 303 (6th Cir. 2008) (citation omitted) (emphasis removed). "Those notices are to include notice that the debt will be assumed to be valid if the consumer does not dispute the debt within 30 days of receiving the notice." *Ibid.* (citing 15 U.S.C. § 1692g(a)(4)). "If the consumer disputes the debt within the 30-day period, § 1692g(b) provides, in part, that 'the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment . . . and a copy of such verification or judgment . . . is mailed to the consumer by the debt collector.'" *Ibid.*

The plaintiff alleges that Holtzman Law violated the FDCPA in at least two respects: by misrepresenting the status of the debt, and by continuing collection efforts after the plaintiff contested the debt but before Holtzman verified it. As for the first theory, the magistrate judge correctly recognized that the complaint did not include sufficient facts. When evaluating a motion under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Peterson v. Johnson*, 87 F.4th 833, 836 (6th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). Unsupported conclusions will not suffice. Plausibility requires showing more than the 'sheer

possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). The complaint does not allege any specific conduct that might amount to a false or misleading representation regarding any debt or any other violation of 15 U.S.C. § 1692e. It only asserts that the defendants "misrepresent[ed] the legal status and amount of the alleged debt" without further detail. The plaintiff has only alleged a "legal conclusion[]" that the Court cannot credit as true without further factual explanation. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court agrees that the complaint does not state a viable claim for a violation of FDCPA sections 1692e, 1692f.

The magistrate judge's recommendation for dismissal of the claim under section 1692g(b) was based on her consideration of the letter April 12, 2025 letter Holzman Law says it sent to the plaintiff, which enclosed a copy of the state court default judgment. Holzman furnished that letter as an exhibit to its motion to dismiss.

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings, *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008), the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010). However, before a court considers documents "integral to the claims" and that are referenced in the complaint, "it must also be clear that there exists no material disputed issues of fact regarding

- 10 -

the relevance of the documents." *Diei v. Boyd*, 116 F.4th 637, 644 (6th Cir. 2024) (quoting

*Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 797 (6th Cir. 2012)). "[C]ourts may take

judicial notice of facts in a public record that 'are not subject to reasonable dispute' — such as the

court's ultimate resolution of a prior case." *Blackwell v. Nocerini*, 123 F.4th 479, 487-88 (6th Cir.

2024); *see also Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC,* 46 F.4th 454, 457 (6th Cir. 2022)

("While the question of whether to grant a Rule 12(b)(6) motion to dismiss is typically confined

to the pleadings, 'we may take judicial notice of other court proceedings without converting the

motion into one for summary judgment.'" (quoting *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d

812, 816 (6th Cir. 2010)).  However, beyond those materials, assessment of the facial sufficiency

of the complaint ordinarily must be undertaken without resort to matters outside the pleadings.

*Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

By itself, the complaint alleges that the plaintiff "made repeated demands for validation"

of a debt but did not receive a response from the defendants.  Compl., ECF No. 1, ¶11-13. Yet,

according to the complaint, the defendants continued collection efforts and never validated the

debt.  *Id.* at ¶¶14-15.  Taking the allegations in the complaint as true, the plaintiff has adequately

alleged violations of section 1692g(b).

However, Holzman argues that it *did* validate the debt, as evidenced by its letter enclosing

the default judgment.  That letter was not attached to the plaintiff's complaint, but rather to

Holzman's motion to dismiss.  Holzman points out that the plaintiff's complaint references an

Exhibit D titled "Response from collector (April 3-9, 2025)," ECF No. 1, PageID.12, suggesting

that the plaintiff did, in fact, receive a response from Holtzman Law.  There is no Exhibit D

attached to the plaintiff's complaint, but Holzman asserts that the exhibit refers to its April 12,

2025 letter that it sent the plaintiff in response to her validation request.  *See* ECF No. 12,

- 11 -

PageID.133-35.  The letter includes a copy of the default judgment entered against the plaintiff — the only specific debt alleged in the complaint — and an account statement describing the current balance owing.  *Ibid.*

The magistrate judge believed that this letter could be considered when deciding the motion to dismiss, reasoning that she could consider "(1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, and (3) public documents" on a motion to dismiss.  ECF No. 17, PageID.275 n.2 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) and *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)).

The Court disagrees.  The letter was not a public document, and it was not amenable to judicial notice.  *See* Fed. R. Evid. 201(b).  Nor is it clear that the letter was "referred to in the plaintiff's complaint."  *Amini*, 259 F.3d at 502 (quoting *Weiner*, 108 F.3d at 89).  The complaint does reference a "[r]esponse from collector" dated "April 3-9, 2025," ECF No. 1, PageID.12, but the letter attached to Holzman Law's motion to dismiss was dated *April 11*, 2025.  ECF No. 12, PageID.133.  The letter itself has an annotation stating, "[f]rom April 9th 2025," *ibid.*, but it is not clear who made this annotation or why.  The Court cannot be certain that the response from a debt collector referenced in the complaint's index of exhibits (but not actually attached to the complaint) is the same document as the one that Holzman Law attached to its motion to dismiss.  Moreover, even if a document is referenced in a complaint, the Court may not credit it if it "directly conflict[s]" with the plaintiff's allegations — at least if the document is not attached to the complaint itself.  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399-400 (6th Cir. 2012); *but see Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the

exhibit trumps the allegations." (quoting *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir.1998))).  Since the letter is not attached to the complaint, is not clearly referenced in the complaint, and directly contradicts the plaintiff's allegations that the defendants never responded to her requests for verification and never verified the debt, the Court may not consider it.

The complaint states a claim for violations of section 1692(g)(2) on its face, and the Court may not consider evidence outside the pleadings to the contrary.  It may be that the hole in the record can be plugged by an appropriate affidavit in support of a motion for summary judgment.  But that will have to abide future developments in the litigation.  For now, the plaintiff's objection to the recommended dismissal of her claim under 15 U.S.C. § 1692g(a) will be sustained.  The remainder of her second objection will be overruled.

### C.  Third Objection

Next, the plaintiff objects to the recommended dismissal of her FCRA claim because she submitted documentation showing that she disputed her account with consumer reporting agencies.  She also contends that she should have been given the opportunity to amend her FCRA claim to the extent that additional factual detail could cure the defects.

The two paragraphs of the plaintiff's FCRA claim recited in Count II of her complaint, which is the sum total of that claim, allege as follows:

> 16. Defendants violated 15 U.S.C. § 1681b by accessing and reporting Plaintiff's consumer information without a permissible purpose.

> 17. Defendants violated 15 U.S.C. § 1681s-2(b) by failing to properly investigate Plaintiff's disputes and continuing to report inaccurate information.

Compl., ECF No., ¶¶16-17.

The magistrate judge correctly suggested that this claim should be dismissed because it is not supported by sufficient factual allegations.  As discussed, the complaint cannot simply recite

- 13 -

the elements of a cause of action without providing any further detail. *Iqbal*, 556 U.S. at 678. The allegations in plaintiff's Count II are nothing but conclusions. There are no facts alleged that substantiate the legal conclusion that the defendants lacked a permissible purpose for accessing the plaintiff's credit information. Nor is there any explanation of how or why the defendants failed properly to investigate the plaintiff's dispute or how the information that they allegedly reported was inaccurate. That count of the complaint fails to state a plausible claim for violations of either cited statutory provision.

The plaintiff objects to the dismissal of this claim because it was curable by amendment, pointing out that she has "submitted documentation reflecting that she disputed the account with consumer reporting agencies after learning the proper dispute procedures." ECF No. 18, PageID.288. But the magistrate judge correctly concluded that the deficiencies in the FCRA claim could not be cured by amendment. Although the documentation described by the defendant might satisfy the requirement that "consumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under § 1681s–2(b)," *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) (collecting cases), it would not fix the other problems identified with the claim, including the failure to allege any information substantiating the defendants' allegedly improper purpose, the alleged failure to investigate, or why the reported debt was inaccurate. Even if the magistrate judge had construed the additional information provided by the plaintiff as an implicit motion for leave to amend, the motion would have been properly denied as futile because the plaintiff did not establish that an amended pleading would cure the defects described above. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("[A] proposed amendment is futile . . . if it could not withstand a Rule 12(b)(6) motion to dismiss.").

The third objection will be overruled.

D.  Request to Amend the Complaint

The plaintiff's objections to the report and recommendation also include a stand-alone request for leave to amend the complaint.  In her report, the magistrate judge, quoting language from *Waskul*, 979 F.3d at 440, explained that a request for leave to amend must be made by a separate motion; it cannot be made in a response to a motion to dismiss.  The same holds true for objections to a report and recommendation.  "An objection to the Magistrate Judge's Report and Recommendation is not the proper vehicle to amend the complaint." *Williams v. Mossing*, No. 12 -10462, 2013 WL 1278504, at *2 (E.D. Mich. Mar. 26, 2013); *Rogan v. Tomlinson*, No. 19-12975, 2021 WL 1105293, at *4 (E.D. Mich. Mar. 23, 2021) ("[The plaintiff] may not seek leave to amend in an objection to a report and recommendation."); *Akers v. Gregory Funding*, No. 21-00693, 2022 WL 2713546, at *4 (M.D. Tenn. July 12, 2022) ("An objection to an R&R is not a proper avenue to bring a Rule 15 motion for leave to file an amended complaint.").

This is not a mere formality.  Requests for leave to amend may be denied if the amendment would be futile.  *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 598 F. Supp. 3d 639, 647 (E.D. Mich. 2022) ("Although . . . Rule [15(a)] provides that 'leave of court shall be freely granted when justice so requires,' leave may be denied for several reasons, including the futility of the proposed new claim.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak & Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)).  That is why the rules require a request for leave to amend include a proposed pleading, *see* E.D. Mich. L.R. 15.1, which allows the Court to determine the sufficiency of the amended claims.  The plaintiff did not do that, and she did not provide any other basis for the Court to determine whether an amended pleading would cure the pleading defects already discussed.  Therefore, even if the plaintiff had chosen a proper avenue for moving for leave to amend, the

plaintiff has not shown that such a motion should be granted. *See Rehs v. United States,* No. 23-13148, 2025 WL 2730779, at *3 (E.D. Mich. Sept. 18, 2025) ("The plaintiffs have taken the initiative to formally request leave to amend their pleading, but their motion fails to establish that leave should be granted. There is therefore no error in dismissal of the complaint without leave to amend.").

The magistrate judge did not clearly err by refusing the request to file an amended complaint, *see* Fed. R. Civ. P. 72(a), and the request for leave to amend made in the plaintiff's objections to report and recommendation also will be denied.

III.

Except for the claim in Count I on the complaint that alleges a violation of 15 U.S.C. § 1692g(b) asserted against defendant Holzman Law, the complaint fails to provide adequate factual detail supporting her claims, and she has not shown that a proposed amendment would cure the alleged pleading defects.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 17) is **ADOPTED IN PART AND REJECTED IN PART**, defendant Community Choice Credit Union's motion to dismiss (ECF No. 12) is **GRANTED**, and defendant Holzman Law, PLC's motion to dismiss (ECF No. 11) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that all claims against defendant Community Choice Credit Union are **DISMISSED WITH PREJUDICE**, and all claims against Holzman Law, PLC are **DISMISSED WITH PREJUDICE** except for that part of Count I which alleges a violation of 15 U.S.C. § 1692g(b).

It is further **ORDERED** that the plaintiff's requests for leave to amend are **DENIED**.

- 17 -

It is further **ORDERED** that the referral of the matter to the assigned magistrate judge is

**CONTINUED** under the previous order of reference.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 18, 2026

- 17 -